**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| Bright Harry and Ronald S. Draper <br><br> **Plaintiffs - Appellants** <br><br> vs. <br><br> KCG Americas LLC ("KCG"), <br> Daniel B. Coleman, CEO of KCG <br> Carl Gilmore, Director of KCG Futures <br> Greg Hostetler, KCG Compliance Officer <br> Main Street Trading, Inc. ("MST"), <br> Patrick J. Flynn, President of MST <br> Wedbush Securities Inc. ("Wedbush") <br> Gary L. Wedbush, Co-Pres. of Wedbush <br> ION Trading, Inc. ("ION") <br> Andrea Pignataro, CEO of ION, Global <br> Robert Sylverne, CEO of ION, USA <br> Computer Voice Systems, Inc. ("QST") <br> Paul Sturm, CEO of QST and <br> Scott William Benz, VP of QST <br><br> **Defendants - Appellees** | **9th Circuit Case No. 21-16258** <br><br> **District Court Case No. 4:20-cv-07352-JST** <br><br> **District Court Case No. 4:20-cv-07352-HSG** <br><br> **U.S. District Court for Northern California, Oakland** |

# Plaintiffs'/Appellants' Request for Judicial Notice of "Petitioners'/Appellants' Emergency Application for Stay of Mandate to the United States Supreme Court"

Bright Harry
37421 Gillett Road
Fremont, CA 94536
bharry77@hotmail.com
(510) 396-7128
*Pro Se*

**/s/- *Bright Harry***
Appellant's Signature

Ronald S. Draper
5678 Hughes Place
Fremont, CA 94538
ronsdraper@att.net
(510) 795-7524
*Pro Se*

**/s/- Ronald Draper**
Appellant's Signature

Pursuant to Federal Rule of Evidence 201, Plaintiffs/Appellants Bright Harry ("Harry") and Ronald S. Draper ("Draper") hereby respectfully request this Court to take judicial notice of "Petitioners'/Appellants' Emergency Application for Stay of Mandate to the United States Supreme Court" attached as Exhibit A to this motion. The Emergency Application is self-explicit and self-evident, and needs no further explanation, as it is the exact copy sent to the United States Supreme Court, and this Court can authenticate its veracity by simply checking with the Supreme Court.

Plaintiffs/Appellants are not seeking any grant or denial of this motion from this Court. Rather, Plaintiffs/Appellants are simply informing this Court and the Opposing Parties to this Appeal that their (Petitioners'/Appellants') Stay of Mandate has been filed with the United States Supreme Court, as required by law, and as a prerequisite for their filing their Petition for a Writ of Certiorari. In other words, this Court should keep the status quo by temporarily staying the Ninth Circuit Appellate Mandate until the Supreme Court makes a ruling on "Petitioners'/Appellants' Emergency Stay of Mandate". At the same time, the Supreme Court's grant or denial of the Emergency Stay of Mandate is not an impediment to Plaintiffs/Appellants filing their Petition for a Writ of Certiorari within the next 90 days.

## LEGAL STANDARDS FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201(a), a court may take judicial notice of adjudicative facts only. In addition, "The court may judicially notice a fact that is not subject to reasonable dispute [so long as] it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.' Fed. R. Evid. 201(b). Also, "The court must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c). Only relevant facts may be judicially noticed. *See* Milton H. Green Archives, Inc. v. Marilynn Monroe LLC,

692 F.3d 983, 991 n.8 (9th Cir. 2012). Lastly, "The court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d).

# DISCUSSION

"Petitioners'/Appellants' Emergency Application for Stay of Mandate to the United States Supreme Court" for which Plaintiffs/Appellants request judicial notice can and should be judicially noticed because it is "not subject to reasonable dispute", and can easily be verified with the United States Supreme Court. It is also for information purpose only, to this Court and to the Opposing Parties to this Appeal.

# CONCLUSION

Plaintiffs/Appellants request that this Court take judicial notice of "Petitioners'/Appellants' Emergency Application for Stay of Mandate to the United States Supreme Court", without denying or granting the motion. The Opposing Parties have also been informed, as required by law.

Respectfully Submitted

Dated: July 27, 2022

| | |
|---|---|
| Bright Harry | Ronald S. Draper |
| 37421 Gillett Road | 5678 Hughes Place |
| Fremont, CA 94536 | Fremont, CA 94538 |
| bharry77@hotmail.com | ronsdraper@att.net |
| (510) 396-7128 | (510) 795-7524 |
| *Pro Se* | *Pro Se* |
| /s/- *Bright Harry* | /s/- **Ronald Draper** |
| Appellant's Signature | Appellant's Signature |

## CERTIFICATE OF SERVICE

I certify that the foregoing Plaintiffs'/Appellants' "Petitioners'/Appellants' Emergency Application for Stay of Mandate to the United States Supreme Court", attached as Exhibit A, was served on the following Parties via the Court's CM/ECF System:

| | |
|---|---|
| KCG Americas LLC, | Andrea Pignataro, |
| Daniel B. Coleman, | Robert Sylverne, |
| Carl Gilmore, | Computer Voice Systems, Inc., |
| Greg Hostetler, | Paul Sturm, |
| Main Street Trading, Inc., | Scott William Benz, |
| Patrick J. Flynn, | Howard Holderness, III, Appellees' Attorney |
| Wedbush Securities Inc., | Danielle Kono Lewis, Appellees' Attorney |
| Gary L. Wedbush, | Jeffry Henderson, Appellees' Attorney |
| ION Trading, Inc., | Todd Edward Pentecost, Appellees' Attorney |

07/27/2022                    /s/- *Bright Harry*

# EXHIBIT A

**Petitioners'/Appellants' Emergency
Application for Stay of Mandate to the
United States Supreme Court**

No. 22_____

# In the
# Supreme Court of the United States

BRIGHT HARRY and RONALD S. DRAPER,

*Petitioners,*

v.

KCG AMERICAS LLC, ET AL,

*Respondents.*

―――――――――

ON APPLICATION TO STAY THE MANDATE OF THE COURT OF APPEALS
FOR THE NINTH CIRCUIT

―――――――――

**EMERGENCY APPLICATION FOR A STAY PENDING THE FILING AND
DISPOSITION OF A PETITION FOR A WRIT OF CERTIORARI**

―――――――――

Bright Harry
37421 Gillett Road
Fremont, CA 94536
(510) 396-7128
bharry77@hotmail.com
*Petitioner, Pro Se*

Ronald S. Draper
5678 Hughes Place
Fremont, CA 94538
(510) 795-7524
ronsdraper@att.net
*Petitioner, Pro Se*

July 25, 2022

# QUESTIONS PRESENTED

This is an extremely complex commodity futures Case of Respondents' fraud against Petitioners. Just as the Supreme Court held in *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-257 (1986)* that the "court of Appeals did not apply the correct standard in reviewing the district court's grant of summary judgment", Petitioners similarly hold that the Ninth Circuit "court of Appeals did not apply the correct standard[s] in reviewing the district court[s'] grant[,] of [interlocutory orders that undergird the rest of the orders and the summary judgment itself, and,] summary judgment". Thus, the Questions Presented are:

1. Whether the Ninth Circuit Court of Appeals' application of incorrect standards for Appellate Review, in conflict with Supreme Court Precedent, that deprives Petitioners and numerous similarly-situated Litigants of their Constitutional 1st, 5th and 7th Amendment Rights, is Proper.

2. Whether the unnecessary and irrelevant intra- and inter- circuit split in the application of Local Rules to FRAP 34(a)(2) Standard, gives license to Appellate Courts, including the Ninth Circuit Court of Appeals, to misapply FRAP 34(a)(2) Standard to deny Petitioners and numerous similarly-situated Litigants oral argument, to deprive them of their Constitutional 1st, 5th and 7th Amendment Rights with Judicial Impunity.

3. Whether Appellate Courts', including the 9th Circuit Court of Appeals', application of incorrect standard, to appoint judicial staff attorneys as Impostor-Judges to adjudicate thousands of *Pro Se* Appellants'/Petitioners' Appeals including these *Pro Se* Appellants'/Petitioners' Appeal, in violation of Article II, Section 2 of the United States Constitution Standard, to deprive them of their 1st, 5th and 7th Amendment Constitutional Rights, is Proper.

# PARTIES TO THE PROCEEDINGS

**The following individuals and entities are parties to the proceedings in the courts below:**

    <u>Petitioners</u> are Bright Harry ("Harry") and Ronald S. Draper ("Draper") who were the Plaintiffs in the District Court and Appellants in the Court of Appeals.

    <u>Respondents</u> are KCG Americas LLC, Daniel B. Coleman, Carl Gilmore, Greg Hostetler, Main Street Trading, Inc., Patrick J. Flynn, Wedbush Securities Inc., Gary L. Wedbush, ION Trading, Inc., Andrea Pignataro, Robert Sylverne, Computer Voice Systems, Inc., Paul Sturm and Scott William Benz.

    **Alleged Related Proceedings**:
Bright Harry vs. Wedbush et al., District Court Case # 4:17-cv-2385-HSG

# THE COURTS

The following are the Courts involved in this Case, (i) the Ninth Circuit Court of Appeals, (ii) the <u>legitimate</u> and <u>assigned</u> *Harry-Draper/Judge Tigar* District Court, (iii) the <u>illegitimate</u> *Harry-Draper/Judge Gilliam, Jr.* District Court, and (iv) the <u>closed</u> *Harry* District Court. The Courts and their respective Cases are succinctly described below.

## (i) The Ninth Circuit Court of Appeals

## (ii) The Legitimate and Assigned *Harry-Draper/Judge Tigar* Case and Court
(a) Harry and Draper vs. KCG et al. Case # 4:20-cv-7352-**JST** ("*Harry-Draper-Judge Tigar* Case")
(b) Harry and Draper vs. KCG et al. Case # 4:20-cv-7352-**JST** Court ("*Harry-Draper-Judge Tigar* Court")

## (iii) The Illegitimate *Harry-Draper/Judge Gilliam, Jr.* Case and Court
(a) Harry and Draper vs. KCG et al. Case # 4:20-cv-7352-**HSG** ("*Harry-Draper-Judge Gilliam, Jr.* Case")
(b) Harry and Draper vs. KCG et al. Case # 4:20-cv-7352-**HSG** Court ("*Harry-Draper/Judge Gilliam, Jr.* Court")

## (iv) The <u>Closed</u> *Harry* Case and Court
(a) Harry vs. KCG et al., Case # 4:17-cv-2385-HSG ("*Harry* Case")
(b) Harry vs. KCG et al., Case # 4:17-cv-2385-HSG Court ("*Harry* Court")

## TABLE OF CONTENTS

| No. | Description | Page |
|---|---|---|
| | TABLE OF AUTHORITIES | 5 |
| I. | INTRODUCTION | 9 |
| II. | JURISDICTION | 11 |
| III. | STATEMENT OF THE CASE | 11 |
| IV. | THE CASE ASSIGNMENT IS IMPROPER | 11 |
| V. | REASONS FOR GRANTING THE STAY | 12 |
| | A  The Petition for Writ of Certiorari Presents Substantial Questions and Satisfies the Required 3-Part Test, Warranting Certiorari, that would likely lead to a Reversal, Necessitating the Stay | 12 |
| | 1.  There is a reasonable probability that four Members of the Supreme Court will consider the underlying issues sufficiently meritorious for the grant of certiorari to Reverse the 9th Circuit Court's decision | 13 |
| | 2.  The 9th Circuit's failure to apply the correct standards in reviewing the district courts' grant of interlocutory orders that fraudulently established subject matter jurisdiction for, the **closed** *Harry* court and, the **illegitimate** *Harry-Draper-Judge Gilliam, Jr.* court that made the fraudulent summary judgment, which fostered the violation of the Constitutional 1st, 5th and 7th Amendment Rights of Petitioners and numerous similarly-situated American Citizens or Litigants, conflicts with Supreme Court Precedent, and subsequently, the 9th Circuit Court's decision is likely to be Reversed | 14 |
| | 3.  The inter- and intra- circuit split in the application of Local Rules to FRAP 34(a)(2) standard, that permits appellate Courts, including the 9th Circuit, to misapply FRAP 34(a)(2) standard to deny Petitioners and numerous similarly-situated Litigants oral argument, **Unconscionably** deprives them of their Constitutional 1st, 5th and 7th Amendment Rights, creating a conflict with Supreme Court's and 9th Circuit's Precedents. Thus, the 9th Circuit Court's decision is likely to be reversed to ensure uniformity in the correct Application of FRAP 34(a)(2) Standard, to eliminate the consistent recurring pattern of the Appellate Courts', including the 9th Circuit's, mis-application of FRAP 34(a)(2) Standard, that **Unconscionably Violates** the Constitutional Rights of Litigants including Petitioners | 15 |
| | B  There is not a scintilla of doubt that Petitioner's will be irreparably harmed if the decision is not stayed | 16 |
| | C  The Balance of Equities weighs in Petitioners' Favor | 17 |
| VI. | CONCLUSION | 17 |
| | **Table of Contents for Exhibits** | 19 |

# TABLE OF AUTHORITIES

| Cases | Page |
|---|---|
| *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-257 (1986) | 2, 6, 9, 13, 14 |
| *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002) | 6, 9 |
| *Montana v. United States*, 440 U.S. 147, 153 (1979) | 8 |
| *Brown v. Baden (In re Yagman)*, 796 F.2d 1165, 1178 (9th Cir. 1986) | 11 |
| *Barefoot v. Estelle*, 463 U.S. 880, 895–96 (1983) at 895 | 11, 12, 16 |
| *Coal. for Econ. Equity v. Wilson*, 122 F.3d 718, 719 (9th Cir. 1997) | 11 |
| *Cruz v. Abbate*, 812 F.2d 571, 574 (9th Cir. 1987) | 12 |
| *Nara v. Frank*, 494 F.3d 1132, 1133 (3d Cir. 2007) | 11, 12, 13 |
| *Doe v. Miller*, 418 F.3d 950, 951 (8th Cir. 2005) | 11, 12, 13 |
| *Books v. City of Elkhart*, 239 F.3d 826, 827 (7th Cir. 2001) | 11, 13 |
| *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1528 (9th Cir. 1989) | 12, 13 |
| *Delew v. Wagner,* 143 F.3d 1219, 1222 (9th Cir.1998) | 16 |
| *Coal. for Econ. Equity v. Wilson*, 122 F.3d 718, 719 (9th Cir. 1997) | 12 |
| *BE & K Const. Co. v. NLRB,* 536 U.S. 516, 524–25, 122 S.Ct. 2390, 153 L.Ed.2d 499 (2002) | 16 |

## Rules and Statutes

| | |
|---|---|
| L.R. 3-3 | 14 |
| L.R. 3-12 | 14 |
| FRCP 12(b)(6) | 7, 8, 14 |
| FRCP 12(h)(3) | 7, 14 |
| FRAP 34(a)(2) | 2, 10, 13, 15, 16 |
| FRAP 47(a)(1) | 15, 16 |
| FRCP 60(b)(4) | 7, 8, 11, 12, 14 |
| FRCP 83 | 7 |
| S. Ct. R. 22 | 6 |
| S. Ct. R. 23 | 6 |
| 28 U.S.C. § 12101(f) | 6 |

6

28 U.S.C. § 2702........................................................................................... 16

## Constitutional Statutes

1st, 5th and 7the Amendments.................................................................... 2, 15, 17

Article II, § 2............................................................................................... 9, 10

To the Honorable Elena Kagan, Associate Justice of the Supreme Court of the United States and Circuit Justice for the Ninth Circuit:

1. Pursuant to Rules 22 and 23 of this Court and 28 U.S.C Section 2101(f), *Pro Se* Petitioners Harry and Draper respectfully move for an order to stay the Mandate of the United States Court of Appeals for the Ninth Circuit, which, on Thursday, July 21, 2022, denied Petitioners'/Appellants' motion to stay the Mandate pending the filing and disposition of a petition for writ of certiorari. This is an emergency motion for stay because the 9th Circuit may issue the Mandate as early as today, Monday, July 25, 2022.

2. The Petition for Writ of Certiorari will seek review of the Ninth Circuit's unpublished decision (Memorandum) in *Harry and Draper vs. KCG et al.*, Case No. 21-16258 (Copy attached as Ex. 4). Also attached are Exhibit 1 (Motion to Vacate Void interlocutory orders which undergird all the rest of the orders and judgment, giving a synopsis of the Appeal for easy comprehension), Exhibit 2 (9th circuit order denying Petitioners'/Appellants' Motion to Stay Mandate), and Exhibit 3 (9th circuit order denying petition for rehearing en banc).

3. Just as the Supreme Court held in *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-257 (1986)* that the "Court of Appeals did not apply the correct standard in reviewing the district court's grant of summary judgment", Petitioners similarly hold that the Ninth Circuit "Court of Appeals did not apply the correct standard[s] in reviewing the district court[s'] grant of [interlocutory orders and] summary judgment". These profoundly legally erroneous interlocutory orders not only undergird the rest of the orders and judgment of this Case, but also fraudulently established subject matter jurisdictions for the **closed** *Harry* Court and the **illegitimate** *Harry-Draper/Judge Gilliam, Jr.* Court. In other words, through egregious usurpation of judicial power, in violation of Rule 60(b)(4), the **closed** *Harry* court illegally assumed subject matter jurisdiction over the **closed** *Harry* case and the **illegitimate** *Harry-Draper/Judge Gilliam, Jr.* court, similarly, illegally assumed

subject matter jurisdiction over the *Harry-Draper/Judge Tigar* case, the **legitimate** *Harry-Draper* case.

4. Moreover, the Crux of Petitioners'/Appellants' Appeal and Appellate Briefs is the "woeful failure of Respondents, the **closed** *Harry* court and the **illegitimate** *Harry-Draper/Judge Gilliam, Jr.* court to establish that subject matter jurisdictions exist (*See* Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002)). Thus, Petitioners'/Appellants' demanded that the 9th Circuit vacate the totally Void interlocutory orders that fraudulently established subject matter jurisdictions for the **closed** *Harry* court and the **illegitimate** *Harry-Draper/Judge Gilliam, Jr.* court, pursuant to Rule 60(b)(4). In this instance, Vacation of the totally Void interlocutory orders is Mandatory, not Discretionary. Instead of focusing on the very essence of this Appeal and Appellate Briefs, and mandatorily vacating the totally Void orders, the 9th circuit panel deceptively or rather disingenuously deviated from the Crux of the Appeal. It instead focused on the totally **fraudulent** summary judgment, based on the subservient and incorrect legal standard, Rule 12(b)(6), rather than the controlling and correct legal standard, Rule 12(h)(3), pursuant to Rule 83.

5. These notwithstanding, assuming *arguendo* that the **illegitimate** *Harry-Draper/Judge Gilliam, Jr.* Court had subject matter jurisdiction to adjudicate the *Harry-Draper* case, the summary judgment is still profoundly legally erroneous because the Transactional Nuclei of Facts (TNOFs) Standards for the **closed** *Harry* case are totally different from the TNOFs Standards for the *Harry-Draper* case, as shown in the Tables below, and in ¶¶16-17 of the attached Exhibit 1, annulling any res judicata or collateral estoppel effect on the *Harry-Draper* Case.

| Table A - **TRUE** Transactional Nuclei of Facts ("TNOFs") | | |
|---|---|---|
| **Harry's and Draper's Actual Contributions to the Harry-Draper Futures Account** | | |
| *Draper Case* **(Draper's Contribution)** | *Harry Case* **(Harry's Contribution)** | *Harry-Draper Case* **(Draper Contributed $256,842.60) and (Harry Contributed the following)** |
| Draper's Good Faith Deposit = **$256,842.60** | Extracted Software Payment — $4,580.80<br>Check Software Payment — $1,227.80<br>*Semi-Total* — $6,078.60<br>Good Faith Deposit — $18,157.40<br>**Total — $24,136.00** | Extracted Software Payment — $4,580.80<br>Check Software Payment — $1,227.80<br>*Semi-Total* — $6,078.60<br>Good Faith Deposit — $18,157.40<br>**Total — $24,136.00** |

| Table B - __FALSE__ Transactional Nuclei of Facts ("TNOFs") | | |
|---|---|---|
| **Harry's and Draper's Alleged Contributions to the Harry-Draper Futures Account** | | |
| *Draper Case* (Alleged Draper's Contribution) | *Harry Case* <br><br> (Defendants and *Harry court* alleged that Harry Contributed nothing as shown) | *Harry-Draper Case* Defendants and the *Harry-Draper/Judge Gilliam, Jr. Court* alleged that (Draper Contributed $275,000.00) and (Harry Contributed nothing as shown) |
| Draper's Good Faith Deposit = **$275,000.00** | Extracted Software Payment — $0.00 <br> Check Software Payment — $0.00 <br> *Semi-Total* — $0.00 <br> Good Faith Deposit — $0.00 <br> **Total — $0.00** | Extracted Software Payment — $0.00 <br> Check Software Payment — $0.00 <br> *Semi-Total* — $0.00 <br> Good Faith Deposit — $0.00 <br> **Total — $0.00** |

"A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies." Montana v. United States, 440 U.S. 147, 153 (1979).

"A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata is that .....a fact [Harry's 4,580.80 or $1,227.80 or $6,078.60 or $18,157.40 or $24,236.00 Economic-Injury-In-Fact, or any of the 5 Common Nuclei of Ope-rative Facts",] [not] distinctly put in issue [in the *Harry Case*] and [not] directly determined by a court of competent jurisdiction [the __defunct and invalid__ *Harry Court*] . . . can[ ] be disputed in a subsequent suit [*Harry-Draper* Suit] between the same [or different] parties or their privies." Montana v. United States, 440 U.S. 147, 153 (1979). *See* attached Exhibit 1.

6. Subsequently, neither Res Judicata nor Collateral Estoppel applies to the *Harry-Draper* case. With Rule 12(b)(6)-based collateral estoppel and res judicata having no effect on the *Harry-Draper* Case, the 9th Circuit panel's summary judgment falls apart. In short, the summary judgment is a total fraud and completely Void pursuant to Rule 60(b)(4), as explicitly detailed in the attached Exhibit 1.

7. Finally and once more, the interlocutory orders and summary judgment are all premised on incorrect legal standards, in conflict with Supreme Court precedent, and leading to the violation of Petitioners'/Appellants' Constitutional 1st, 5th and 7th Amendment Rights, warranting certiorari, and hence, the Stay of Mandate for this Court to review the illegality of the Panel's decision or rather unpublished memorandum that is totally Void, and must be vacated, pursuant to Rule 60(b)(4).

# I. INTRODUCTION

8. This extremely complex Commodity Futures Case of Defendants'/Appellees' fraud against Plaintiffs/Appellants, involved 3 district courts, (i) the **closed** *Harry* court, (ii) the **illegitimate** *Harry-Draper/Judge Gilliam, Jr.* court, and (iii) the **legitimate** and assigned *Harry-Draper/Judge Tigar* court that abdicated its legal duties. Again, the Crux of the Appeal and Appellate Brief is the woeful failure of Defendants/Appellees, the **closed** *Harry* court, and the **illegitimate** *Harry-Draper-Judge Gilliam, Jr.* court to establish that subject matter jurisdictions exist. Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002). The Ninth Circuit affirmed the futile and failed attempt of Defendants/Appellees, the **closed** *Harry* court, and the **illegitimate** *Harry-Draper/Judge Gilliam, Jr.* court to establish that subject matter jurisdictions exist, by the application of incorrect standard, L.R. 3-3 or 3-12, instead of the correct standard, Rule 12(h)(3), pursuant to Rule 83. Just as the Supreme Court held in *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-257 (1986)* that the "court of appeals did not apply the correct standard in reviewing the district court's grant of summary judgment", Plaintiffs/Appellants similarly hold that the 9th circuit "court of appeals did not apply the correct standard[s] in reviewing the district court[s'] grant of[,] [interlocutory orders to validate that subject matter jurisdictions exist and,] summary judgment". The **closed** *Harry* court, and the **illegitimate** *Harry-Draper/Judge Gilliam, Jr.* court still lack subject matter jurisdiction to adjudicate the respective **closed** *Harry* case and *Harry-Draper* case, Subsequently, the 9th Circuit's legally profoundly erroneous Decision is likely to be Reversed by this Court, warranting certiorari, and necessitating the Stay.

9. Unable to directly appeal the interlocutory orders, ECF #163 in the **closed** *Harry* Case and its mirror-image order, ECF #14 in the *Harry-Draper/Judge Tigar* Case, to the 9th Circuit Court of Appeals because there was no finality to the **illegitimate** *Harry-Draper/Judge Gilliam, Jr.* Case, Petitioners/Appellants appealed to the **legitimate** or actual reassigned Judge of the *Harry-Draper Case*, the Hon. Judge Jon. S. Tigar, for legal succor, but met a brick-wall of absolute silence, leading to the March 24, 2022 Ninth Circuit unpublished memorandum by the judicial staff attorneys, the Impostor-Judges.

10. Moreover, the creation of the inferior unpublished decision by Appellate Courts including the 9th Circuit Court of Appeals which calls it Memorandum, has created an inferior track of appellate justice for a class of Appellants, mostly *Pro Se* Litigants, whose Appeals are pushed to a second-tier appellate process in which

judicial staff attorneys resolve appeals, and even render judgments on behalf of the assigned Appellate Judges, without oral argument or meaningful judicial oversight. For the system's most vulnerable participants, *Pro Se* Litigants, the promise of an appeal as of right often becomes a rubber stamp: "You lose ". In short, the Federal Appellate Courts including the 9th Circuit have turned judicial staff attorneys into Impostor-Judges in violation of Article II, Section 2 of the U.S. Constitution whose relevant part states as follows:

> [The President] shall have Power, by and with the Advice and Consent of the Senate,......................... shall appoint ............ Judges of the supreme Court, and all other Officers of the United States, whose Appointments are not herein otherwise provided for, and which shall be established by Law: but the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments.

In other words, only the President of the United States, with the consent of the Senate, has statutory authority to appoint Federal Judges to adjudicate Federal Cases, not Appellate Courts. Unlike the Federal District Court's Magistrate system, there is no such system in the Federal Courts of Appeal. Thus, the 9th Circuit Court of Appeals violated the United States Constitution by appointing judicial staff attorneys as Impostor-Judges, to adjudicate Petitioners'/Appellants' Appeal.

11. It is thus, unconscionable for the 9th Circuit, especially the 9th Circuit Panel Judges for this Appeal, the Hon. Judges, Barry G. Silverman, Eric D. Miller and Patrick J. Bumatay to permit their judicial staff attorneys, impostor-judges, to adjudicate such a complex Commodity Futures Case, in violation of Article II, § 2 of the U.S. Constitution. As a matter of fact, these three Panel Judges never saw or read Petitioners' Appellate Opening Brief and Appellate Excerpts of Record from September 27, 2021 when the Excerpts of Record were filed with the 9th Circuit, to March 24, 2022 when the unpublished decision or memorandum of the Appeal was made. The 9th Circuit judicial staff attorneys, the Impostor-Judges, made the unpublished memorandum of this Appeal on behalf of the above-named Judges, and rubber-stamped the Judges' names on the memorandum. This is the legal night-mare of thousands of vulnerable *Pro Se* Litigants including Petitioners, who are illegally relegated to the inferior second-tier appellate judicial process, in violation of Article II, Section 2 of the U.S. Constitution.

12. Summing up, the three panel judges dereliction of their legal duties by handing over the adjudication of this extremely complex Commodity Futures Case

to their judicial staff attorneys or impostor-judges, in violation of Article II, Section 2 of the U.S. Constitution, coupled with the 9th Circuit's misapplication of FRAP 34(a)(2) to deprive Petitioners/Appellants oral argument, indicates that there was no actual 9th Circuit Appellate Review of this Case by the three assigned Judges. Combining these facts with the 9th Circuit's application of incorrect legal standards for the Appellate Review to affirm the district court's violation of Petitioners'/Appellants' 1st, 5th and 7th Constitutional Amendment Rights, the 9th Circuit itself has violated the Petitioners'/Appellants' 1st, 5th and 7th Constitutional Amendment Rights And these warrant certiorari, necessitating the Stay.

## II. JURISDICTION

13. The Ninth Circuit issued its opinion on March 24, 2022. Petitioners filed with the Ninth Circuit a petition for rehearing en banc, which temporarily stayed issuance of the mandate. That petition was denied on July 7, 2022. On July 13, 2022, petitioners filed a request with the Ninth Circuit to stay its mandate pending certiorari review by this Court, which again temporarily stayed issuance of the mandate. That request was denied on July 21, 2022. Absent a stay by this Court, the mandate will issue anytime from July 25, 2022.

14. This Court has jurisdiction to recall and enter a stay of the 9th Circuit's judgment pending review on a writ of certiorari. *See* 28 U.S.C. §§ 1254(1), 2101(f).

## III. STATEMENT OF THE CASE

15. This action is about the Electronic Trade Manipulation Fraud (ETMF) Enterprise Respondents' intentional fraudulent concealment of their defective and dysfunctional Electronic Trading Facility they fraudulently touted or represented to Petitioners as superior, fully functional, tightly integrated and seamlessly connected to the Commodity Futures Exchanges like CME/Globex, CBOT and ICE, to deceive and induce, and deceived and induced, Petitioners to move their successful Futures Trading Account from OEC/Daniels Trading (Petitioners' Former Broker) to the ETMF Enterprise Respondent KCG and later, ETMF Enterprise Respondent Wedbush, both Clearing FCMs, to defraud, and defrauded, Petitioners to the tune of $125 million as at June 30, 2019.

## IV. THE CASE ASSIGNMENT IS IMPROPER

### A. Application of the wrong Standards to establish Subject Matter Jurisdictions conflicts with Supreme Court and 9th Circuit Precedents

16. As explicitly detailed in ¶¶22-33 of ECF #43-1 of the *Harry-Draper* Case, the *Harry-Draper* Case assignment from the Hon. Judge Jon S. Tigar to the Hon. Judge Haywood S. Gilliam, Jr. was very improper, Judge-shopping at its worst. The Hon. Judge Gilliam, Jr. has no statutory authority, whatsoever, to adjudicate the <u>closed</u> *Harry* Case and the *Harry-Draper* case. That's pure usurpation of judicial power, violating Rule 60(b)(4), as shown by the explicit ECF #43-1 excerpts below.

> "Agreed, the [*Harry*] district court has statutory authority to impose a judge on the *Harry* case through the random case assignment process, but it does not have statutory authority to impose the same Judge on a totally different case, the *Harry-Draper* case, through a manipulated and improper case assignment process. The 9th Circuit has repeatedly "underscore[d] the concerns for avoiding the appearance of arbitrariness and unfairness" in the case assignment process and has charged lower courts to be "meticulously careful" to avoid "any improper appearance." *Brown v. Baden (In re Yagman)*, 796 F.2d 1165, 1178 (9th Cir. 1986). In this instance, it's quite obvious that the district court was not "meticulously careful" in the assignment process of the *Harry-Draper* Case, to avoid "any improper appearance." The *Harry-Draper Case* assignment from Judge Tigar to Judge Gilliam, Jr. was pure Administrative Judicial Fraud, engineered by the Defendants, especially their unscrupulous Attorneys, to have litigation advantage over Plaintiffs. Although it is true that a litigant "has no right to any particular procedure for the selection of the judge...he *is* entitled to have that decision made in a manner *free from bias or the desire to influence the outcome of the proceedings.*" *Cruz v. Abbate*, 812 F.2d 571, 574 (9th Cir. 1987) (emphases added). Plaintiffs are entitled to have the selection of the judge for their Case, the *Harry-Draper Case*, "made in a manner *free from bias or the desire to influence the outcome of the proceedings*". Clearly, that's not the situation here, because the Judge was selected through a completely manipulated and improper assignment process. As such, the Judge should be recused, his void orders and judgment vacated pursuant to Rule 60(b)(4) and the Case reassigned to a district judge preferably in San Francisco, who does not hold bias or prejudice against Plaintiffs."

"The Honorable Judge Gilliam, Jr. lacks subject matter jurisdiction over the *Harry-Draper* case, and should never have adjudicated the case. Because the case Assignment was profoundly improper, all the Decisions, Orders and Judgment of the Hon. Judge Gilliam, Jr. are void and should have been vacated, per Rule 60(b)(4)."

# V. REASONS FOR GRANTING THE STAY

## A. The Petition for Writ Of Certiorari Presents Substantial Questions, and Satisfies the Required Three-Part Test, Warranting Certiorari, that

### would likely lead to a Reversal, Necessitating the Stay

17. In determining whether there is "good cause for a stay", Supreme Court's three-part test laid out in *Barefoot v. Estelle*, 463 U.S. 880, 895–96 (1983), *superseded on other grounds by* 28 U.S.C. § 2253(c)(2), is adequate. *See Coal. for Econ. Equity v. Wilson*, 122 F.3d 718, 719 (9th Cir. 1997) (order) (citing Supreme Court cases vacating stays of the mandate pending certiorari where the courts of appeals failed to apply the three-part test required by *Barefoot*). Under this test, the stay applicant must show that there is (1) "a reasonable probability that four Members of the [Supreme] Court would consider the underlying issue sufficiently meritorious for the grant of certiorari or the notation of probable jurisdiction," (2) "a significant possibility of reversal of the lower court's decision," and (3) "a likelihood that irreparable harm will result if that decision is not stayed." *Barefoot*, 463 U.S. at 895 (internal quotation marks omitted); *see also Nara v. Frank*, 494 F.3d 1132, 1133 (3d Cir. 2007) (holding that, to show "good cause for a stay" under Rule 41(d)(2)(A), the applicant must show "(1) a reasonable probability that the Supreme Court will grant *certiorari*; (2) a reasonable possibility that at least four Justices would vote to reverse this Court's judgment; and (3) a likelihood of irreparable injury absent a stay"); *Doe v. Miller*, 418 F.3d 950, 951 (8th Cir. 2005) (same); *Books v. City of Elkhart*, 239 F.3d 826, 827 (7th Cir. 2001) (Ripple, J., in chambers) (same). In a close case, the Circuit Court must balance the equities by assessing the harm to each party if a stay is or is not granted. *See Wilson*, 122 F.3d at 719 (balancing the equities and determining that a stay would cause irreparable harm to the party opposing the stay); *see also Nara*, 494 F.3d at 1133; *Miller*, 418 F.3d at 951, 953; *Books*, 239 F.3d at 828–29.

18. Moreover, the 9th Circuit has held that "[o]rdinarily, . a party seeking a stay of the mandate following the 9th Circuit's judgment need not demonstrate that exceptional circumstances justify a stay," and that the "matter is entrusted to the circuit court's sound discretion." *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1528 (9th Cir. 1989). As succinctly described below, this case satisfied all the requirements of the three-part *Barefoot* test, and the case is not close for this Court to balance the equities by assessing the harm to each party if a stay is or is not granted. Respondents/Appellees are in no way harmed by this stay because they are the cause and culprits of the present fraudulent actions that have delayed this Case for more than 7 years without a modicum of trial on the merits by a Jury, as required by law, and as lucidly detailed below.

14

## A1. There is a reasonable probability that four Members of the Supreme Court will consider the underlying issues sufficiently meritorious for the grant of certiorari to Reverse the 9th Circuit's decision

19. There are two "sufficiently meritorious" "underlying issues" that would attract the attention of at least four Members of the Supreme Court "for the grant of certiorari": (1) the 9th circuit "court of appeals did not apply the correct standard[s] in reviewing the district court[s'] grant of, [interlocutory orders that improperly established subject matter jurisdictions for the **closed** *Harry* court and the **illegitimate** *Harry-Draper-Judge Gilliam, Jr.* court, and], summary judgment". *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-257 (1986)* ("court of appeals did not apply the correct standard in reviewing the district court's grant of summary judgment"), and (2) the inter- and intra- circuit split in the application of local rules to FRAP 34(a)(2) standard, that has led Appellate Courts, including the 9th circuit, to misapply FRAP 34(a)(2) standard to deny Litigants, especially the hundreds of thousands of *Pro Se* Litigants including Petitioners, oral argument, and subsequently, violating their Constitutional 1st, 5th and 7th Amendment Rights, creating a conflict with Supreme Court's and the 9th Circuit's Precedents. These two underlying issues are described in more details below.

## A2. The 9th Circuit's failure to apply the correct standards in reviewing the district courts' grant of interlocutory orders that fraudulently established subject matter jurisdiction for, the closed *Harry* court and, the illegitimate *Harry-Draper-Judge Gilliam, Jr.* court that made the fraudulent summary judgment, which led to the violation of Petitioners' Constitutional 1st, 5th and 7th Amendment Rights, conflicts with Supreme Court Precedent, and subsequently, the 9th Circuit's decision is likely to be Reversed, warranting a stay

20. As lucidly stated in pages 2 and 3 of Petitioners' (Plaintiffs'/Appellants') 9th Circuit petition for en banc review (DKtEntry #55), the Supreme Court's intervention is necessary to ensure uniformity with this Court's decisions because the 9th Circuit's decision below contains errors of facts and laws that are directly at odds with Supreme Court and the 9th Circuit Court's precedents. In this extremely complex commodity futures case of Respondents' fraud against Petitioners, the 9th Circuit and the 3 district courts involved in this case, the **closed** *Harry* court, the **illegitimate** *Harry-Draper/Judge Gilliam, Jr.* court, and the assigned *Harry-Draper-Judge Tigar* court, did not apply the correct standards. Just as in the Supreme Court's holding in *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-257 (1986)*

that the "court of appeals did not apply the correct standard in reviewing the district court's grant of summary judgment", the panel of this "Court of Appeals", similarly, "did not apply the correct standard[s] in reviewing" the **closed** *Harry* Court's grant of orders, ECF #163 in the **closed** *Harry* case, and ECF#14 in the *Harry-Draper* case, and the **illegitimate** *Harry-Draper/Judge Gilliam, Jr.* Court's illegal grant of order ECF #39 and "judgment", ECF #40, in the *Harry-Draper* case. Pursuant to Rule 83, the panel, the **closed** *Harry* Court and the **illegitimate** *Harry-Draper/judge Gilliam, jr.* court should have applied Rule 12(h)(3) standard first, to ascertain that the district courts have subject matter jurisdictions before the application of Rule 12(b)(6) standard to the issue preclusion-based and claim preclusion-based judgment. There are standards within standards. This means, some standards are subservient to other standards, like Rule 12(b)(6) subservient to Rule 12(h)(3). Thus, pursuant to Rule 83, the Panel and the district courts applied the wrong standard, Civil Local Rule 3-3 or 3-12 in place of the correct standard, Rule 12(h)(3), and wrong standard, Rule 12(b)(6) in place of the correct standard, Rule 60(b)(4), thereby creating conflicts with Supreme Court's and the 9th Circuit's precedents, warranting [intervention by the Supreme Court], to ensure uniformity with the 9th Circuit's decisions, and even the Supreme Court's.

**A3. The circuit split in the application of Local Rules to FRAP 34(a)(2) Standard, that permits Appellate Courts, including the 9th Circuit, to misapply FRAP 34(a)(2) Standard to deny Petitioners/Appellants and numerous similarly-situated American Citizens oral argument, Unconscionably deprives them of their Fundamental 1st, 5th and 7th Amendment Rights, creating a conflict with Supreme Court's and this Court's Precedents. Thus, the 9th Circuit's decision is likely to be reversed to ensure uniformity in the correct Application of FRAP 34(a)(2) Standard, to eliminate the consistent recurring pattern of the Appellate Courts', including the 9th Circuit's, misapplication of FRAP 34(a)(2) Standard, that Unconscionably Violates the Fundamental 1st, 5th and 7th Amendment Rights of American Citizens including Plaintiffs/Appellants. And this warrants a Stay.**

21. As succinctly explained in Paragraphs 10 through 14 of Plaintiffs'/Appellants' petition for hearing en banc (DktEntry #55), the Appellate Circuits' deployment of Local Rules to modify FRAP 34(a)(2) has created an unnecessary inter- and intra- Circuit Split whereby some Circuits allow oral arguments, while others do not. This denial of oral arguments to Litigants, especially the hundreds of thousands of *Pro Se* Litigants including Petitioners/Appellants, prevents them from

verbally explaining the "dispositive issues [that] have [not] been authoritatively decided in their  meritorious "Appeal[s] [that are not] frivolous", and where "the facts and legal arguments are [not] adequately presented in the briefs and record" (See FRAP 34(a)(2) *Standards*), has resulted in the **unconscionable** **violation** of the Fundamental 1st, 5th and 7th Amendment Rights of these Litigants, including Plaintiffs/Appellants.

22. There is no reason, whatsoever, for such intra- and inter- Circuit Split because FRAP 34(a)(2) is explicit and simple enough to comprehend, to not cause any confusion. The Comments Section of FRAP 34(a)(2) is quite succinct on the application of local rules by the Appellate Circuits, and states as follows: "*The amendments omit the local rule requirement and make the criteria applicable by force of the national rule. The local rule is an unnecessary instrument.*" Hence, circuit split or no circuit split, the Appellate Courts, including the 9th Circuit, have no statutory authority to apply local rules to misapply FRAP 34(a)(2), to deprive Litigants, especially the hundreds of thousands of *Pro Se* Litigants, including Petitioners/Appellants, Oral Arguments, to violate their Fundamental 1st, 5th and 7th Amendment Constitutional Rights with **Judicial Impunity**. Moreover, although Rule 47 of the Federal Rules of Appellate Procedure authorizes the federal circuits to adopt local rules for the courts of appeals within their jurisdiction, the rule states that *"[a] local rule must be consistent with—but not duplicative of—Acts of Congress and rules adopted under 28 U.S.C. §2072 [The Rules Enabling Act]."* FRAP 47(a)(1). The 1st, 5th and 7th Amendment Rights are Constitutional Rights, even beyond the "Acts of Congress". Thus, the Circuits', including the 9th Circuit's, application of local rules to misapply FRAP 34(a)(2) contravenes FRAP 47(a)(1), necessitating this Court's intervention to bring uniformity to the Application of FRAP 34(a)(2) in all the Appellate courts.

## B. There is not a scintilla of doubt that Petitioners/Appellants will be irreparably harmed if the decision is not stayed

23. The harm that would befall Petitioners/Appellants if the mandate issues outweighs the harm to Respondents/Appellees, who created this fraudulent legal saga to ensure that there was no trial, for almost 7 years, through their well-orchestrated procedural legal chicanery, and there has been none. Petitioners /Appellants would lose their 1st Amendment Right to access the Courts in this Case. "[T]he right of access to the courts is a fundamental right protected by the Constitution." *Delew v. Wagner,* 143 F.3d 1219, 1222 (9th Cir.1998). The First Amendment "right

of the people ... to petition the Government for a redress of grievances," which secures the right to access the courts, has been termed "one of the most precious of the liberties safeguarded by the Bill of Rights." *BE & K Const. Co. v. NLRB,* 536 U.S. 516, 524–25, 122 S.Ct. 2390, 153 L.Ed.2d 499 (2002) (internal quotation marks omitted, alteration in original). Besides, Petitioners/Appellants would be deprived of their 5th Amendment due process Rights if the mandate is issued. The 5fth Amendment to the U.S. Constitution prohibits deprivation of "life, liberty, or property" without due process of law. There has been no due process of law in this case, and Petitioners/Appellants would be deprived of their property, and thus, their liberty. Moreover, if this mandate issues, Petitioners/Appellants would also be deprived of their 7th Amendment Right to a jury trial. This is a jury trial Case and Respondents/Appellees have ensured that this case never saw the light of day, especially, a jury trial on the merits. Thus, Respondents/Appellees, the culprits of this legal saga, have nothing to lose, since this Court will finally decide if there is a jury trial on the merits or not. Only Petitioners/Appellants would sustain irreparable harm if the decision is not stayed. *Barefoot v. Estelle*, 463 U.S. 880, 895–96 (1983) at 895: (a likelihood that irreparable harm will result if that decision is not stayed).

### C. The Balance of Equities weighs in Petitioners' Favor.

24. The record does not indicate that Respondents would be prejudiced by simply waiting a little longer for the Supreme Court to make its decision, unless as has been the Case, Respondents do not want any jury trial on the merits. Petitioners are losing more in economic losses than Respondents, and if this mandate issues, Petitioners would be further deprived of their 1st, 5th and 7th Amendment Constitutional Rights, a colossal loss. Also, the public would be harmed by seeing two of their fellow elderly citizen-Petitioners lose their 1st, 5th and 7th Amendment Constitutional rights through Respondents' fraudulent procedural legal chicanery to prevent these elderly citizen-Petitioners from having their Day in Court. This would mean that no single American Citizen is safe in having his or her Day in Court. As such, the balance of equities favors granting the stay.

## VI. CONCLUSION

A stay of the mandate is essential to protect Petitioners and the numerous similarly-situated Litigants, especially the hundreds of thousands of *Pro Se* Litigants, from irreparable harm, pending the filing and disposition of petition for writ of certiorari. Without the Stay, Petitioners would be deprived of their 1st, 5th and

7th Amendment Constitutional Rights, while being defrauded of part of their retire-ment fund -- a colossal loss. Besides, without the Stay, Respondents would get away with their judicial fraud of preventing two elderly American Citizens from having their Day in Court, a frightening action that would make the public lose confidence in the Judiciary or the Judicial System. Lastly and again, the balance of equities weighs in Petitioners' Favor for the grant of a Stay.

Respectfully Submitted

Dated: July 25, 2022

| | |
|---|---|
| Bright Harry | Ronald S. Draper |
| 37421 Gillett Road | 5678 Hughes Place |
| Fremont, CA 94536 | Fremont, CA 94538 |
| bharry77@hotmail.com | ronsdraper@att.net |
| (510) 396-7128 | (510) 795-7524 |
| *Pro Se* | *Pro Se* |
| | |
| **/s/- Bright Harry** | **/s/- Ronald Draper** |
| Petitioner's Signature | Petitioner's Signature |

## CERTIFICATE OF SERVICE

I certify that the foregoing Petitioners'/Appellants' Motion for Stay of Mandate pending the Filing and Disposition of their Petition for a Writ of Certiorari to the United States Supreme Court, was served on the following Parties via the Court's CM/ECF System:

| | |
|---|---|
| KCG Americas LLC, | Andrea Pignataro, |
| Daniel B. Coleman, | Robert Sylverne, |
| Carl Gilmore, | Computer Voice Systems, Inc., |
| Greg Hostetler, | Paul Sturm, |
| Main Street Trading, Inc., | Scott William Benz, |
| Patrick J. Flynn, | Howard Holderness, III, Appellees' Attorney |
| Wedbush Securities Inc., | Danielle Kono Lewis, Appellees' Attorney |
| Gary L. Wedbush, | Jeffry Henderson, Appellees' Attorney |
| ION Trading, Inc., | Todd Edward Pentecost, Appellees' Attorney |

07/25/2022 **/s/- Bright Harry**

# Table of Contents for Exhibits

| Table of Contents for Exhibits of Petitioners' Application for Stay of Mandate | | |
|---|---|---|
| **Exhibit** | **Description** | **Page** |
| 1 | Plaintiffs'/Appellants' <u>AMENDED</u> Motion to Vacate the improper-legal-standards-premised, Fraudulent, Illegal and <u>Void</u> Order, ECF #163 in the <u>closed</u> *Harry* Case, and its similarly Fraudulent, Illegal and <u>Void</u> mirror-image Order, ECF #14 of the *Harry-Draper/Judge Tigar* Case, that under-girds all the subsequent Fraudulent, Illegal and <u>Void</u> orders and judgment in the **illegitimate** *Harry-Draper/Judge Gilliam, Jr.* Case | 20 |
| 2 | 9th Circuit July 21, 2022 Order Denying Plaintiffs'/Appellants' Motion to Stay Mandate | 42 |
| 3 | 9th Circuit July 7, 2022 Order Denying Plaintiffs'/Appellants' Petition for Rehearing en banc | 44 |
| 4 | 9th Circuit March 24, 2022 Memorandum | 46 |

# EXHIBIT 1

## (DktEntry #15-1)

## (9th Circuit Case No. 21-16258 )

**Plaintiffs'/Appellants' <u>AMENDED</u> Motion to Vacate the improper-legal-standards-premised, Fraudulent, Illegal and <u>Void</u> Order, ECF #163 in the <u>closed</u> *Harry* Case, and its similarly Fraudulent, Illegal and <u>Void</u> mirror-image Order, ECF #14 of the *Harry-Draper/Judge Tigar* Case, that undergirds all the subsequent Fraudulent, Illegal and <u>Void</u> orders and judgment in the <u>illegitimate</u> *Harry-Draper/Judge Gilliam, Jr.* Case.**

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| Bright Harry and Ronald S. Draper<br><br>**Plaintiffs - Appellants**<br><br>vs.<br><br>KCG Americas LLC ("KCG"),<br>Daniel B. Coleman, CEO of KCG<br>Carl Gilmore, Director of KCG Futures<br>Greg Hostetler, KCG Compliance Officer<br>Main Street Trading, Inc. ("MST"),<br>Patrick J. Flynn, President of MST<br>Wedbush Securities Inc. ("Wedbush")<br>Gary L. Wedbush, Co-Pres. of Wedbush<br>ION Trading, Inc. ("ION")<br>Andrea Pignataro, CEO of ION, Global<br>Robert Sylverne, CEO of ION, USA<br>Computer Voice Systems, Inc. ("QST")<br>Paul Sturm, CEO of QST and<br>Scott William Benz, VP of QST<br><br>**Defendants - Appellees** | **9th Circuit Case No. 21-16258**<br><br>**District Court Case No. 4:20-cv-07352-JST**<br><br>**District Court Case No. 4:20-cv-07352-HSG**<br><br>**U.S. District Court for Northern California, Oakland** |

**Form 27. Plaintiffs'/Appellants' <u>AMENDED</u> Motion to Vacate the improper-legal-standards-premised, Fraudulent, Illegal and <u>Void</u> Order, ECF #163 in the <u>closed</u> *Harry* Case, and its similarly Fraudulent, Illegal and <u>Void</u> mirror-image Order, ECF #14 of the *Harry-Draper/Judge Tigar* Case, that undergirds all the subsequent Fraudulent, Illegal and <u>Void</u> orders and judgment in the <u>illegitimate</u> *Harry-Draper/Judge Gilliam, Jr.* Case.**

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form27instructions.pdf*

# (i) What do you want the court to do?

1. Pursuant to Rule 60(b)(4), Plaintiffs/Appellants Bright Harry ("Harry"), and Ronald S. Draper ("Draper") hereby, move this Court to promptly (i) Vacate the improper-legal-standards-premised, Fraudulent, Illegal and **<u>Void</u>** Order, ECF #163 in the **<u>closed</u>** *Harry* Case, and its similarly Fraudulent, Illegal and **<u>Void</u>** mirror-image

Order, ECF #14 of the *Harry-Draper/Judge Tigar* Case, that undergirds all the subsequent Fraudulent, Illegal and **Void** orders and judgment in the **illegitimate** *Harry-Draper/Judge Gilliam, Jr.* Case. There is nothing in the Records showing that either the **closed** *Harry* Court or the Hon. Judge Gilliam, Jr. ("Judge Gilliam, Jr.") ever vacated the judgment of the **closed** *Harry* Case and reopened the Case. Until such occur, neither the **closed** *Harry* Court nor Judge Gilliam, Jr. has any statutory authority to make the Fraudulent, Illegal and **Void** underlying or foundational order, ECF #163 in the **closed** *Harry* Case, and the similarly Fraudulent, Illegal and **Void** mirror-image order, ECF #14, in the *Harry-Draper/Judge Tigar* Case. A copy or mirror-image of a Fraudulent, Illegal and **Void** Order is exactly a Fraudulent, Illegal and **Void** Order.

## (ii) Why should the court do this? Be specific. Include all relevant facts and law that would persuade the court to grant your request. *(Attach additional pages as necessary. Your motion may not be longer than 20 pages.)*

    2. Because Judge Gilliam, Jr. in collusion with defendants and their attorneys, knowingly and willfully deployed the wrong legal standards, Civil Local Rules 3-3 and 3-12 instead of the correct controlling Legal Standard, FRCP 12(h)(3), pursuant to FRCP 83, to make the fraudulent, illegal and **Void** Underlying or Foundational Order, ECF #163 in the **closed** *Harry* Case, and the similarly fraudulent, illegal and **Void** mirror-image Order, ECF #14 in the *Harry-Draper/Judge Tigar* Case. As the 9th Circuit succinctly stated in Section II, ¶4 of *Donald Snell and Cleveland, Inc. vs. Patricia Faber et al* ((9th Circuit Case # No. 01-35957, District Court Case # CV-00-00009-SEH):

> Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal. *Summers v. Interstate Tractor & Equip. Co.*, 466 F.2d 42, 49-50 (9th Cir. 1972). However, that rule only applies to an action pending before the court. It provides no support for extension of this authority to prior, closed cases, in which a court has entered a final judgment. Rule 12(h)(3) does not provide a jurisdictional grant over cases that are not

before the court. Thus, the Federal Rules provide no grounds for the district court's actions in this case; indeed, by identifying precise and limited circumstances in which a court may act upon a judgment *sua sponte*, they undermine it.

3. The **closed** *Harry* Court and Judge Gilliam, Jr. did not even care to apply Rule 12(h)(3) *sua ponte*, and instead, egregiously usurped judicial power, to illegally assume subject matter jurisdiction over the *Harry* Case they closed on 04/19/2019, by volitionally declaring that they lacked subject matter jurisdiction over it. *See* ECF #s 147 and 148 of the *Harry Case*. The *Harry* Court and Judge Gilliam, Jr. entered a final judgment on 04/19/2019, and there was no further action pending before Judge Gilliam, Jr. or the *Harry* Court. Thus, as lucidly stated above, the **closed** *Harry* Court and Judge Gilliam, Jr. had no statutory authority to make the Order, ECF #163 in the **closed** *Harry* Case, and the mirror image Order, ECF #14 in the *Harry-Draper/Judge Tigar* Case. The actions of the **closed** *Harry Court* and Judge Gilliam, Jr. are fraudulent, illegal and **Void**, and thus, all the subsequent actions of the **closed** *Harry* Court and Judge Gilliam, Jr. that emanated from ECF #163 and its mirror-image Order, ECF #14, are also fraudulent, illegal and **Void**, and must be Vacated pursuant to Rule 60(b)(4). In other words, just as a stillborn baby is dead at birth, the stillborn legal-babies (the *Harry-Draper-Judge Gilliam, Jr.* Case and *Harry-Draper-Judge Gilliam, Jr.* Court) of the fraudulent, illegal and **Void** order, ECF #14 of the *Harry-Draper-Judge Tigar* Case, are legally dead at birth - they are totally **Void**. This means, all the orders and judgment of the fraudulent, illegal and **illegitimate** *Harry-Draper/Judge Gilliam, Jr.* Case are **Void** and must be vacated pursuant to Rule 60(b)(4). With all his **Void** orders and judgment Vacated, Judge Gilliam, Jr. should be disqualified for his extreme antagonistic bias and prejudice against Plaintiffs, and because his impartiality would "reasonably be questioned", 28 U.S.C Sections 144 and 455(a). Thus, the case should be remanded and reassigned to another district judge, preferably in the San Francisco Division, who does not hold bias or prejudice against Plaintiffs.

## TABLE OF CONTENTS

| No. | Description | Page |
|---|---|---|
| I. | **PRELIMINARY STATEMENT**........................................................ | 5 |
| II. | **STANDARDS OF REVIEW**........................................................... | 7 |
| III. | **STATEMENTS OF THE ISSUES**................................................... | 7 |
| IV. | **STATEMENT OF THE CASE**........................................................ | 7 |
| V. | **ARGUMENT**.................................................................................... | 10 |
| | A. The *Harry* Court and Judge Gilliam, Jr. volitionally declared on 4/19/2019 that they lack subject matter jurisdiction over the *Harry Case* and thus, they lack subject matter jurisdiction over the *Harry* Case.......................................................... | 14 |
| | B. Unable to directly appeal the Interlocutory Orders, ECF #163 in the **closed** *Harry* Case, and ECF #14 in the *Harry-Draper/Judge Tigar* Case, to the 9th Circuit because there was no finality to the **Illegitimate** *Harry-Draper/Judge Gilliam, Jr.* Case, Plaintiffs appealed to the **Legitimate** or Actual Reassigned Judge of the *Harry-Draper* Case, the Hon. Judge Jon. S. Tigar, for legal succor, and met a brick-wall of absolute silence............................................. | 14 |
| | C. The proper and controlling Legal Standard for subject matter jurisdiction is FRCP 12(h)(3) and not Civil Local Rule 3-3 or 3-12........................................... | 15 |
| | D. Plaintiffs have demonstrated that the **closed** *Harry* Court's and Judge Gilliam, Jr.'s deployment of Improper Legal Standards to exercise subject matter jurisdiction over the **closed** *Harry* Case, to make the fraudulent, illegal and **Void** Order, ECF #163 in the **closed** *Harry* Case, and the similarly fraudulent, illegal and **Void** mirror-image Order, ECF #14 in the *Harry-Draper-Judge Tigar* Case, constituted an "egregious" "usurpation of judicial power" necessitating Rule 60(b)(4) relief.............................. | 16 |
| | E. The Improper-Legal-Standards-Premised, fraudulent, illegal and **Void** Order, ECF #163 in the **closed** *Harry* Case, and the similarly fraudulent, illegal and **Void** mirror-image Order, ECF #14 in the *Harry-Draper-Judge Tigar* Case were entered in a manner inconsistent with due process, necessitating Rule 60(b)(4) relief................... | 18 |
| | F. The improper-legal-standards-premised, fraudulent, illegal and **void** order, ECF #163 in the **closed** *Harry* Case, and its similarly fraudulent, illegal and **Void** mirror-image order, ECF #14 of the *Harry-Draper-Judge Tigar Case* must be vacated because they caused the subsequent fraudulent, illegal and **Void** orders and judgment of the egregious, judicial-power-usurping *Harry-Draper-Judge Gilliam, Jr.* Court to the violate Plaintiffs' 1st, 5th and 7th Amendment Constitutional Rights........................................ | 19 |
| VI. | **CONCLUSION**.................................................................................... | 20 |
| | **EXHIBITS**.......................................................................................... | 22 |
| | 1. ECF #162 of the *Harry* Case............................................................ | 22 |
| | 2. ECF #163 of the *Harry* Case............................................................ | 31 |
| | 3. ECF #14 of the *Harry-Draper* Case................................................ | 33 |
| | 4. ECF #164 of the *Harry* Case............................................................ | 35 |
| | 5. ECF #41 of the *Harry-Draper* Case................................................ | 109 |

6.   ECF #49 of the *Harry-Draper* Case...........................................................................................  146

4. For clarity purpose, Plaintiffs delineate the Cases and their respective Courts, including the **illegitimate** Case and **illegitimate** Court, with the following nomenclature:

The **legitimate** Cases and **legitimate** Courts
1(a) Harry and Draper vs. KCG et al. Case # 4:20-cv-7352-JST ("*Harr-Draper-Judge Tigar* Case")
1(b) Harry and Draper vs. KCG et al. Case # 4:20-cv-7352-JST Court ("*Harry-Draper/Judge Tigar* Court")

The Prior Cases and Prior Courts
2(a) Harry vs. KCG et al., Case # 4:17-cv-2385-HSG ("*Harry* Case")
2(b) Harry vs. KCG et al., Case # 4:17-cv-2385-HSG Court ("*Harry* Court")

3(a) Draper vs. KCG et al., Case # 4:18-cv-2524-HSG ("*Draper* Case")
3(b) Draper vs. KCG et al., Case # 4:18-cv-2524-HSG Court ("*Draper* Court")

The **illegitimate** Case and **illegitimate** Court
4(a) Harry and Draper vs. KCG et al. Case # 4:20-cv-7352-HSG ("*Harry-Draper-Judge Gilliam* Case")
4(b) Harry and Draper vs. KCG et al. Case # 4:20-cv-7352-HSG Court ("*Harry-Draper/Judge Gilliam* Court")

# I. PRELIMINARY STATEMENT

5. On 10/13/2020, Plaintiffs Bright Harry ("Harry) and Ronald S. Draper ("Draper") filed the Harry-Draper Complaint against the 14 Defendants listed in the above caption, to recover trading funds, lost profits and consequential damages totaling more than $125 million as at June 30, 2019, as a result of Defendants' fraud. As at this writing, the consequential damage loss has accrued substantially and increased Plaintiffs' damage claims far beyond $125 million. The consequential damage loss continues to accrue and will continue to accrue until this Case comes to Real Jury Trial on the Merits.

6. On 12/03/2020, instead of answering Plaintiffs' well-detailed and well-pled Complaint, Defendants knowingly and willfully deployed Improper Legal Standards,

Civil Local Rules 3-3 and 3-12, in violation of FRCP 12(h)(3), pursuant to FRCP 83, to file, and filed their fraudulent, frivolous and illegal "Administrative Motion To Consider Whether Cases Should Be Related", ECF #162, in the **closed** *Harry* Case.

7. On 12/15/2020, Plaintiffs warned Defendants by email through their Attorneys to not file their fraudulent motion in the **closed** *Harry Court*. *See* Excerpts of Records Volume 8, Docket #6-8: (ERV8, Dkt. #6-8), Pages 26-32, Exhibit 1G-1.

8. On 12/17/2020, Plaintiffs again warned Defendants by email through their Attorneys to not file their fraudulent motion in the **closed** *Harry* Court, and also filed this Email with the *Harry-Draper/Judge Tigar* Court, as an Exhibit in ECF #13 of the *Harry-Draper/Judge Tigar* Case. *See* Excerpts of Records Volume 8, Docket #6-8: (ERV8, Dkt. #6-8), Pages 33-35, Exhibit 1G-2.

9. On 12/21/2020, in collusion with the Defendants, through their Attorneys, the **closed** *Harry* Court and Judge Gilliam, Jr. illegally deployed improper-legal-standards, Civil Local Rules 3-3 and 3-12, instead of the proper and controlling legal standard, FRCP 12(h)(3), pursuant to FRCP 83, to egregiously, usurp, and usurped, judicial power, to illegally assume, and illegally assumed, subject matter jurisdiction over the **closed** *Harry Case*, to make, and made, the fraudulent, illegal and **Void** Order, ECF #163 in the **closed** *Harry* Case. The **closed** *Harry* Court and Judge Gilliam, Jr. further made the fraudulent, illegal and **Void** mirror image of ECF #163, Order ECF #14 in the *Harry-Draper/Judge Tigar* Case of the *Harry-Draper-Judge Tigar* Court to create the **illegitimate** *Harry-Draper-Judge Gilliam, Jr.* Case and the **illegitimate** *Harry-Draper/Judge Gilliam, Jr.* Court. A mirror-image of a fraudulent, illegal and **Void**, order is a fraudulent, illegal and **Void** order. With the completion of this egregiously fraudulent and illegal hijacking of the *Harry-Draper* Case from Judge Tigar to Judge Gilliam, Jr. (Judge-shopping at its worst), the **illegitimate** *Harry-Draper/judge Gilliam, Jr.* Court made all its subsequent fraudulent, illegal and **Void** Orders and Judgment, that **must** now be Vacated, pursuant to Rule 60(b)(4).

# II. STANDARDS OF REVIEW

10. The 9th Circuit reviews de novo a district court's assumption of jurisdiction. *Cf. Carriger v. Lewis*, 971 F.2d 329, 332 (9th Cir. 1992) (en banc) (assumption of jurisdiction under FRCP 60(b)). The existence of subject matter jurisdiction is a question of law reviewed de novo. *See Bishop Paiute Tribe v. Inyo Cty.*, 863 F.3d 1144, 1151 (9th Cir. 2017). Whether a judgment is void is a legal issue subject to de novo review. *See Retail Clerks Union Joint Pension Trust v. Freedom Food Ctr., Inc.*, 938 F.2d 136, 137 (9th Cir. 1991). The appellate court reviews de novo, the denial of a Rule 60(b)(4) motion to set aside a judgment as void, because the question of the validity of a judgment is a legal one. *See Fid. Nat. Fin., Inc. v. Friedman*, 803 F.3d 999, 1001 (9th Cir. 2015). Constitutional issues are reviewed de novo. *See Crime Justice & Am., Inc. v. Honea*, 876 F.3d 966, 971 (9th Cir. 2017). *Berry v. Dep't of Social Services*, 447 F.3d 642, 648 (9th Cir. 2006) (First Amendment). Subsequently, in this Motion, the 9th Circuit reviews de novo: (1) Whether, pursuant to FRCP 60(b)(4), it is not **Mandatory** for the 9th Circuit Court of Appeals to promptly Vacate the **closed** *Harry Court's* and Judge Gilliam, Jr.'s fraudulent, illegal and **Void** Order, ECF #163 in the **closed** *Harry Case*, and the similarly fraudulent, illegal and **Void** mirror-image Order, ECF #14, in the *Harry-Draper/Judge Tigar Case*, (2) Whether Defendants have statutory authority to intentionally cause the Violation of Plaintiffs' Constitutional 1st, 5th and 7th Amendment Rights by knowingly and willfully filing the fraudulent, frivolous and illegal Administrative Motion, ECF #162, in the **closed** *Harry Case*, that led to the making the fraudulent, illegal and **Void** Order, ECF #163, in the **closed** *Harry Case*, and its similarly fraudulent, illegal and **Void** mirror-image order, ECF #14, in the *Harry-Draper-Judge Tigar Case*, that triggered the Constitutional Violation and, (3) Whether the **closed** *Harry Court* and Judge Gilliam, Jr. have statutory authority to intentionally violate Plaintiffs' Constitutional

1st, 5th and 7th Amendment Rights by knowingly and willfully making the fraudu-
lent, illegal and **Void** Order, ECF #163, in the **closed** *Harry* Case, and its similarly
fraudulent, illegal and **Void** mirror-image Order, ECF #14, in the *Harry-Draper-
Judge Tigar* Case, to trigger the Constitutional Violation.

# III. STATEMENTS OF THE ISSUES

11(a) Whether, pursuant to FRCP 60(b)(4), it is not **Mandatory** for the 9th
Circuit Court of Appeals to promptly Vacate the **closed** *Harry Court's* and Judge
Gilliam, Jr.'s fraudulent, illegal and **Void** Order, ECF #163 in the **closed** *Harry Case*,
and its similarly fraudulent, illegal and **Void** Order, ECF #14, in the *Harry-Draper-
Judge Tigar Case*.

11(b) Whether Defendants have statutory authority to intentionally cause the
Violation of Plaintiffs' Constitutional 1st, 5th and 7th Amendment Rights by know-
ingly and willfully filing the fraudulent, frivolous and illegal "Administrative Motion
on whether cases should be related", ECF #162, in the **closed** *Harry* Case, that led to
the making of the fraudulent, illegal and **Void** Order, ECF #163, in the **closed** *Harry*
Case, and its similarly fraudulent, illegal and **Void** mirror-image order, ECF #14, in
the *Harry-Draper/Judge Tigar* Case, that triggered the Constitutional Violation.

11(c) Whether the **closed** *Harry Court* and Judge Gilliam, Jr. have statutory
authority to intentionally violate Plaintiffs' Constitutional 1st, 5th and 7th Amend-
ment Rights by knowingly and willfully making the fraudulent, illegal and **Void**
Order, ECF #163, in the **closed** *Harry* Case, and its similarly fraudulent, illegal and
**Void** mirror-image Order, ECF #14, in the *Harry-Draper/Judge Tigar* Case, to trig-
ger the Constitutional Violation.

# IV. STATEMENT OF THE CASE

12. This action is about the Electronic Trade Manipulation Fraud (ETMF)

Enterprise Defendants' intentional fraudulent concealment of their defective and dysfunctional Electronic Trading Facility they fraudulently touted or represented to Plaintiffs as superior, fully functional, tightly integrated and seamlessly connected to the Commodity Futures Exchanges like CME/Globex, CBOT and ICE, to deceive and induce, and deceived and induced Plaintiffs to move their successful Futures Trading Account from OEC/Daniels Trading (Plaintiffs' Former Broker) to the ETMF Enterprise Defendant KCG and later, ETMF Enterprise Defendant Wedbush, both Clearing FCMs, to defraud Plaintiffs, and defrauded Plaintiffs to the tune of $125 million as at June 30, 2019.

# V. ARGUMENT

## A. The *Harry* Court and Judge Gilliam, Jr. volitionally declared on 4/19/2019 that they lack subject matter jurisdiction over the *Harry* Case and thus, they lack subject matter jurisdiction over the *Harry Case*

13. On line 2, page 3 of ECF #39 of the *Harry-Draper* Case, the **illegitimate** *Harry-Draper/Judge Gilliam, Jr.* Court stated as follows:

> On March 7, 2018, the Court dismissed the operative complaint in the *Harry Case*, finding that Harry (1) lacked standing to seek the vast majority of his requested relief because Draper had contributed the $275,000 with which he traded, and the trading account was in Draper's name. (Line 2, Page 3 of ECF # 39 of the *Harry-Draper Case*).

In Footnote 5, page 9 of ECF #123 of the *Harry* Case, the *Harry* Court stated as follows:

> Although only one of the three motions before the Court expressly raises and applies the standard under Rule 12(b)(1), the Court is nonetheless "obligated to consider sua sponte whether [it has] subject matter jurisdiction." *Jasper v. Maxim Integrated Prods., Inc.*, 108 F. Supp. 3d 757, 764 (N.D. Cal. 2015) (quoting *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004)).

On line 3, page 2 of ECF #147 of the *Harry* Case, the *Harry* Court stated as follows:

> The Court reviewed Harry's three theories for how he suffered an injury-in-fact and found that all of them failed, therefore concluding that Harry lacked

standing to pursue his federal claims. *See id.* at 10–12. (Line 3, Page 2 of ECF # 147 of the *Harry Case*).

No Article III standing, no subject matter jurisdiction. By alleging, albeit **falsely**, that Plaintiff Harry lacked Article III Standing in the *Harry* Case, the *Harry* Court and Judge Gilliam, Jr. volitionally declared that they lacked subject matter jurisdiction to adjudicate the *Harry Case*, and **closed** the *Harry Case*. Thus, there is no scintilla of doubt that the **closed** *Harry Court* and Judge Gilliam, Jr. lack subject matter jurisdiction to make the fraudulent, illegal and **Void** Order, ECF #163 in the **closed** *Harry* Case, and the similarly fraudulent, illegal and **Void** mirror-image Order, ECF #14, in the *Harry-Draper-Judge Tigar* Case. Subsequently, pursuant to Rule 60(b)(4), the **void** orders, ECF #163 and ECF #14, **MUST** be vacated. "A void judgment is a legal nullity and a court considering a motion to vacate has no discretion in determining whether it should be set aside". *Jordon v. Gilligan,* 500 F.2d 701, 704 (6th Cir.1974). **Vacatur** of the Orders is **Mandatory**, not Discretionary, by Law - FRCP 60(b)(4). These notwithstanding, the poignant questions are, what is subject matter, and what subject matter did the *Harry Court* volitionally declare that it lacks jurisdiction of?

**(i) Subject Matter or Issue**

    14.  Subject matter or issue is the combination of the Facts and Law that give rise to the Claim for Relief. "The identity of the subject matter [or issue] rests not in [its] form[ ] of action or the relief sought, but rather, in the combination of the facts and law that give rise to a claim for relief." *James v. Wright,* No. 1:13-1438-TMC, 2014 WL 2612487, at *4 (D.S.C. June 9, 2014) (citing Plum *Creek Dev. Co., Inc. v. City of Conway, 512* S.E.2d 106, 109-110 (S.C. 1999)).

**(ii) The <u>TRUE</u> Transactional Nuclei of Facts ("TNOFs") of the subject matters or issues that gave rise to Plaintiffs' Claims for Relief in the *Harry-Draper* Case, and their respective *Harry* Case and *Draper* Case, are different from the <u>FALSE</u> TNOFs the district courts under Judge Gilliam, Jr. alleged and applied in the *Harry-Draper/Judge Gilliam, Jr.* Case, the *Harry* Case, and the *Draper* Case.**

15. For ***Plaintiff Harry***, the Transactional Nuclei of Facts ("TNOFs") in the *Harry* Case and the *Harry-Draper* Case are Harry's contribution to the Harry-Draper Futures Account or Economic-Injury-In-Fact of: (1) $4,580.80 software subscription payment extracted by Defendants from the profit Harry made in the Harry-Draper Commodity Futures Account, (2) $1,227.80 software subscription check payments Harry made directly from his pocket, to Defendants through Defendant Patrick J. Flynn of MST, (3) alternatively, the sum of (1) and (2) or $6,078.60) as Harry's total software subscription payment contribution, (4) $18,157.40 - Harry's share of the $275,000 Good Faith Deposit, and alternatively (5) $24,236.00 - total sum of Harry's $6,078.60 software subscription payment and $18,157.40 Good Faith Deposit contributions to the Harry-Draper Futures Account. The Law, Article III, Section 2 of the United States Constitution, is the same for each contribution. Thus, there are 5 pairs of combinations, and each pair alone gives rise to Harry's Claims for Relief: (a) the combination of Harry's $4,580.80 software subscription payment from profits, and Article III, section 2 of the United States Constitution, or (b) the combination of Harry's $1,227.80 software subscription check payments, and Article III, Section 2 of the United States Constitution, or (c) the combination of Harry's total $6,078.60 software subscription payment contributions, and Article III, Section 2 of the United States Constitution, or (d) Harry's $18,157.40 share of the $275,000 Good Faith Deposit, and Article III, Section 2 of the United States Constitution, or (e) the combination of Harry's $6,078.60 software subscription payment contributions plus the $18,157.40 Good Faith Deposit which sum up to $24,236.00, and Article III, Section 2 of the United States Constitution. Each pair of (a), (b), (c), (d) or (e) gives rise to Harry's Claims for Relief in both the *Harry* Case and the *Harry-Draper* Case. There is nothing in the Records to show that the *Harry* Court or the *Harry-Draper/Judge Gilliam, Jr.* Court ever considered any of the five Common Nuclei of Operative Facts, the $4,580.80 or $1,227.80 or $6,078.60 or $18,157.40 or $24,236 economic

injury in fact of Harry, in their judicial proceedings or judgments of, 08/27/2018
(ECF #s 123/124 of the *Harry* Case), 4/19/2019 (ECF #s 147/148 of the *Harry* Case)
and, 07/01/2021 (ECF #s 39/40 of the **illegitimate** *Harry-Draper/Judge Gilliam, Jr.*
Case). In short, none of the **TRUE** TNOFs or Harry's Economic-Injury-In-Fact: the
$4,580.80 or $1,227.80 or $6,078.60 or $18,157.40 or $24,236.00 was ever litigated
in the *Harry* Court or the **illegitimate** *Harry-Draper/Judge Gilliam, Jr.* Court, as
detailed in Excerpts of Record Volume 10, Docket #6-10: (ERV10, Dkt. #6-10),
Table A5 (Pages 7-9), and Table A7 (Page 20), and summarized in Table A below.

 16. For ***Plaintiff Draper***, the Transactional Nucleus of Facts ("TNOF") in the
*Draper Case* and the *Harry-Draper Case* is Draper's $256,842.60 contribution to the
$275,000.00 Good Faith Deposit of the Harry-Draper Futures Account, or Economic-
Injury-In-Fact of $256,842.60 for both the *Draper Case* and the *Harry-Draper Case*.
Draper was a Passive Investor who did no actual trading. Only Harry traded the com-
modity futures spreads for both Plaintiffs, and hence, Draper's larger contribution of
the Good Faith Deposit, $256,842.60 to be exact, as detailed in Electronic Record
Volume 9, Docket #6-9: (ERV9, Dkt. #6-9), Pages 13-65 or ECF #s 13, 18, 19, and
20 of the *Harry-Draper* Case, and summarized in Table A below.

| Table A - **TRUE** Transactional Nuclei of Facts ("TNOFs") | | | |
|---|---|---|---|
| **Harry's and Draper's Actual Contributions to the Harry-Draper Futures Account** | | | |
| ***Draper Case*** **(Draper's Contribution)** | ***Harry Case*** **(Harry's Contribution)** | | ***Harry-Draper Case*** **(Draper Contributed $256,842.60) and** **(Harry Contributed the following)** |
| Draper's Good Faith Deposit = **$256,842.60** | Extracted Software Payment | $4,580.80 | Extracted Software Payment $4,580.80 |
|  | Check Software Payment | $1,227.80 | Check Software Payment $1,227.80 |
|  | *Semi-Total* | $6,078.60 | *Semi-Total* $6,078.60 |
|  | Good Faith Deposit | $18,157.40 | Good Faith Deposit $18,157.40 |
|  | **Total** | **$24,136.00** | **Total** **$24,136.00** |

 17. Defendants, the *Harry* Court and the **illegitimate** *Harry-Draper/Judge
Gilliam, Jr.* Court knowingly and willfully suppressed or fraudulently concealed the

information in Table A above, and instead, relied on their **FALSE** TNOFs, in Table
B below, where they falsely alleged that Harry contributed nothing ($0.00) to the
software subscription payments and the $275,000 Good Faith Deposit, which they
claim only Draper contributed. *See* Excerpts of Record Volume 10, Docket #6-10:
(ERV10, Dkt. #6-10), Pages 20-23. The district courts under Judge Gilliam, Jr. made
all their decisions, rulings and judgments in both the *Harry* Case and the **illegitimate**
*Harry-Draper-Judge Gilliam, Jr.* Case, on these False TNOFs as detailed in Excerpts
of Record Volume 9, Docket #6-9: (ERV9, Dkt. #6-9), Pages 13-65 or ECF #s 13,
18, 19, and 20 of the *Harry-Draper* Case, and summarized in Table B below.

| Table B - **FALSE** Transactional Nuclei of Facts ("TNOFs") | | |
|---|---|---|
| **Alleged Harry's and Draper's Contributions to the Harry-Draper Futures Account** | | |
| *Draper Case* (Alleged Draper's Contribution) | *Harry Case* (Alleged Harry's Contribution) | *Harry-Draper Case* (Draper Contributed $275,000.00) and (Harry Contributed nothing as shown) |
| Draper's Good Faith Deposit = **$275,000.00** | Extracted Software Payment — $0.00<br>Check Software Payment — $0.00<br>*Semi-Total* — $0.00<br>Good Faith Deposit — $0.00<br>**Total** — **$0.00** | Extracted Software Payment — $0.00<br>Check Software Payment — $0.00<br>*Semi-Total* — $0.00<br>Good Faith Deposit — $0.00<br>**Total** — **$0.00** |

"A fundamental precept of common-law adjudication, embodied in the related
doctrines of collateral estoppel and res judicata, is that a right, question or fact
distinctly put in issue and directly determined by a court of competent jurisdiction . .
. cannot be disputed in a subsequent suit between the same parties or their privies."
Montana v. United States, 440 U.S. 147, 153 (1979).

"A fundamental precept of common-law adjudication, embodied in the related
doctrines of collateral estoppel and res judicata is that .....a fact [Harry's $4,580.80 or
$1,227.80 or $6,078.60 or $18,157.40 or $24,236.00 Economic-Injury-In-Fact, or
Common Nuclei of Operative Fact",] [not] distinctly put in issue [in the *Harry Case*]
and [not] directly determined by a court of competent jurisdiction [the *Harry Court*] .
. . can[ ] be disputed in a subsequent suit [*Harry-Draper* suit] between the [different]
parties or their privies." Montana v. United States, 440 U.S. 147, 153 (1979).

Subsequently, neither Res Judicata nor Collateral Estoppel applies to the *Harry-Draper Case*.

**B. Unable to directly appeal the Interlocutory Orders, ECF #163 in the <u>closed</u> *Harry Case*, and ECF #14 in the *Harry-Draper/Judge Tigar Case*, to the 9th Circuit because there was no finality to the <u>Illegitimate</u> *Harry-Draper/Judge Gilliam, Jr. Case*, Plaintiffs appealed to the <u>Legitimate</u> or Actual Reassigned Judge for the *Harry-Draper Case*, the Hon. Judge Jon. S. Tigar, for legal succor, and met a brick-wall of absolute silence**

18. Shocked and dumbfounded by the broad-daylight illegal hijacking of the *Harry-Draper* Case from Judge Tigar to Judge Gilliam, Jr., Plaintiffs furiously stated as follows on, <u>Page 7 of ECF #19 of *Harry-Draper* Case</u>

# "IMPORTANT NOTE

Harry and Draper vs. KCG et al. Case # 4:20-cv-7352-**JST** is the "*Harry-Draper Case*"
Case # 4:20-cv-7352-**HSG** is a Fraudulent Fictitious Nomenclature. It has no existence in the *Harry-Draper Case* by Law."

There was no response from Judge Tigar. As lucidly detailed in Plaintiffs' Excerpts of Record Volume 9, Docket #6-9: (ERV9, Dkt. #6-9), ECF #s 13, 18, 19, 20, 41 and 49, Plaintiffs continued to appeal to the <u>Legitimate</u> or Reassigned Judge for the *Harry-Draper Case*, the Hon. Judge Jon. S. Tigar, ("Judge Tigar") for legal succor, but met a brick-wall of absolute silence. Unable to directly appeal the Interlocutory Orders, ECF #163 in the <u>closed</u> *Harry Case*, and ECF #14 in the *Harry-Draper-Judge Tigar Case*, to the 9th Circuit because there was no finality to the <u>Illegitimate</u> *Harry-Draper/Judge Gilliam, Jr.* Case, Plaintiffs were at their wits end. Confused, Powerless and with no other viable option, Plaintiffs simply waited until the <u>Illegitimate</u> *Harry-Draper/Judge Gilliam, Jr.* Court made its final Fraudulent, Illegal and <u>Void</u> Judgment on July 1, 2021, and then appealed to the 9th Circuit. This is pure dereliction of duty by the *Harry-Draper-Judge Tigar* Court and Judge Tigar, allow-

ing a Case reassigned to them, hijacked illegally under their watch, in broad day

light, and in violation of the law, and their response was a deafening silence to

Plaintiffs' appeal, and vehement opposition and objections. Hence, this current

Appeal to the 9th Circuit to vacate the Fraudulent, Illegal and **Void** Orders, ECF

#163 and ECF #14, pursuant to Rule 60(b)(4).

## C. The Controlling Legal Standard for Subject Matter Jurisdiction is FRCP 12(h)(3) and not Civil Local Rule 3-3 or 3-12.

19. Pursuant to FRCP 83, the Controlling Legal Standard for Defendants'

filing of their Administrative Motion, ECF #162, in the **closed** *Harry Case* is FRCP

12(h)(3), and not CAND Civil Local Rule 3-3 and 3-12, because the *Harry* Court

under Judge Gilliam, Jr. declared on 4/19/2019 that it lacks subject matter jurisdict-

ion over the *Harry* Case. FRCP 12(h)(3) instructs: "If the court determines at any

time that it lacks subject-matter jurisdiction, the court *must* dismiss the action".

"'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is

power to declare the law, and when it ceases to exist, the only function remaining to

the court is that of announcing the fact and dismissing the cause.'" *Steel Co.*, 523

U.S. at 94 (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)); *see also John B.*

*Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 588 F.2d 24, 27 (2d Cir. 1978)

("[J]urisdiction over the subject matter provides the basis for the court's power to act,

and an action must be dismissed whenever it appears that the court lacks such juris-

diction.") (citing Rule 12(h)(3)). A court that admits its own lack of power to decide

should not undertake to bind a court that does have power to decide." (footnote omit-

ted)). Defendants should have filed their Administrative Motion in the *Harry-Draper*

Case pending before Judge Tigar, and not in the **closed** *Harry* Case.

**(i) Whether the *Harry-Draper* Case is related to the *Harry* Case or not, the
Defendants have no statutory authority to file their fraudulent, frivolous and
illegal Administrative Motion, ECF #162, in the closed *Harry* Case, to trigger
the making of the fraudulent, illegal and Void Order, ECF #163, in the closed**

*Harry* Case, and its similarly fraudulent, illegal and <u>Void</u> mirror-image Order, ECF #14 in the *Harry-Draper/Judge Tigar* Case

20. Until the judgment in the **<u>closed</u>** *Harry* Case is vacated and the **<u>closed</u>** *Harry* Case reopened, the Defendants have no statutory authority to file their Administrative Motion, ECF #162 in the **<u>closed</u>** *Harry* Case. The Defendants **<u>should have filed</u>** the Motion in the *Harry-Draper-Judge Tigar* Court where the *Harry-Draper* Case was pending before Judge Tigar.

**(ii) Whether the *Harry-Draper* Case is related to the *Harry* Case or not, the <u>closed</u> *Harry* Court and Judge Gilliam, Jr. have <u>NO</u> statutory authority to make the fraudulent, illegal and <u>Void</u> Order, ECF #163, in the <u>closed</u> *Harry* Case to create its similarly fraudulent, illegal and <u>Void</u> mirror-image Order, ECF #14 in the *Harry-Draper/Judge Tigar* Case**

21. Similarly, until the judgment in the **<u>closed</u>** *Harry* Case is vacated and the **<u>closed</u>** *Harry* Case reopened, the **<u>closed</u>** *Harry* Court and Judge Gilliam, Jr. have no statutory authority to make any ruling or order in the **<u>closed</u>** *Harry* Case. The **<u>closed</u>** *Harry* Court's *and* Judge Gilliam, Jr.'s related case order*, ECF #163, **<u>should have been made</u>** in the *Harry-Draper-Judge Tigar* Court where the *Harry-Draper* Case was pending before Judge Tigar.

22. Again, as the 9th Circuit succinctly stated in Section II, ¶4 of *Donald Snell and Cleveland, Inc. vs. Patricia Faber et al* ((9th Circuit Case # No. 01-35957 District Court Case # CV-00-00009-SEH): Even under the appropriate Rule 12(h)(3), "that rule only applies to an action pending before the court. It provides no support for extension of this authority to prior, closed cases, in which a court has entered a final judgment". Subsequently, pursuant to Rule 60(b)(4), the fraudulent, illegal and **<u>Void</u>** Orders, ECF #163, in the **<u>closed</u>** *Harry* Case, and ECF #14, in the *Harry-Draper/Judge Tigar* Case, must be vacated promptly.

**D. Plaintiffs have demonstrated that the <u>closed</u> *Harry* Court's and Judge Gilliam, Jr.'s deployment of Improper Legal Standards to exercise**

**subject matter jurisdiction over the <u>closed</u> *Harry* Case, to make the fraudulent, illegal and <u>Void</u> Order, ECF #163 in the <u>closed</u> *Harry* Case, and its similarly fraudulent, illegal and <u>Void</u> mirror-image Order, ECF #14 of the *Harry-Draper-Judge Tigar* Case, constituted an "egregious" "usurpation of judicial power" necessitating Rule 60(b)(4) relief.**

24. Rule 60(b)(4) specifically provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding [if]...the judgment is void." *Gonzalez v. Crosby*, 545 U.S. 524, 528-29 (2005). Courts have narrowly construed the concept of a "void" order under Rule 60(b)(4) because of the threat to finality of judgments and the risk that litigants will sleep on their rights or use Rule 60(b)(4) to circumvent an appeal process they elected not to follow. *Wendt v. Leonard*, 431 F.3d 410, 412 (4th Cir. 2005). Consequently, relief is granted under Rule 60(b)(4) in the most exceptional of cases. *Gaydos v. Guidant Corp.*, 496 F.3d 863, 866 (8th Cir. 2007), like the current Case here.

25. A judgment is void under Rule 60(b)(4) if the court that rendered the decision lacked jurisdiction over the subject matter or parties. *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1216 (11th Cir. 2009); *Wendt*, 431 F.3d at 412. A lack of subject-matter jurisdiction, however, will not always render a final judgment void under Rule 60(b)(4). A party seeking to void the judgment must demonstrate more than the court erred in asserting subject matter jurisdiction over the claim. Rather, the party must establish the court's exercise of jurisdiction over the claim amounted to a "plain usurpation of judicial power." *In re Valley Food Services LLC*, 377 B.R. 207, 212 (8th Cir. 2007) *citing Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004). Only when the jurisdictional error is "egregious" will a court treat the judgment as void. *United States v. Tittjung*, 235 F.3d 330, 335 (7th Cir. 2000). This is exactly the situation here, where the **<u>closed</u>** *Harry Court*, having claimed to lack subject matter jurisdiction over the *Harry* Case, illegally and by judicial fiat, assumes subject matter jurisdiction over the **<u>closed</u>** *Harry* Case, based on improper

legal standards, to illegally create the Related Case Orders (ECF # 163 in the **closed** *Harry* Case, and its mirror-image, ECF # 14 in the *Harry-Draper/Judge Tigar* Case, and then illegally converted the *Harry-Draper/Judge Tigar* Case into the **illegitimate** *Harry-Drape-Judge Gilliam, Jr.* Case, and the *Harry-Draper/Judge Tigar* Court into the **illegitimate** *Harry-Drape-Judge Gilliam, Jr.* Court, to illegally assume, and illegally assumed, subject matter jurisdiction over the *Harry-Draper* Case. Through this elaborately orchestrated and fraudulent scheme, the *Harry-Draper/Judge Gilliam, Jr.* Court has demonstrated that its "exercise of jurisdiction over the [Plaintiffs' claims] amounted to a[n] "egregious" [and] "plain usurpation of judicial power. *In re Valley Food Services LLC*, 377 B.R. 207, 212 (8th Cir. 2007).

26. As the Supreme Court of the United States succinctly stated in United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260 (2010) at 271.

> Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an "arguable basis" for jurisdiction. *Nemaizer* v. *Baker*, 793 F. 2d 58, 65 (CA2 1986); see, *e.g.*, *Boch Oldsmobile, supra*, at 661–662 ("[T]otal want of jurisdiction must be distinguished from an error in the exercise of jurisdiction, and … only rare instances of a clear usurpation of power will render a judgment void" (brackets and internal quotation marks omitted)).

This is the situation here, where the **closed** *Harry* Court without a modicum of subject matter jurisdiction, made the fraudulent, illegal and **Void** Orders, ECF #163, in the **closed** *Harry* Case, and ECF #14 of the *Harry-Draper/Judge Tigar* Case. These actions constitute an "egregious" "usurpation of judicial power", necessitating a Rule 60(b)(4) Relief. **Vacatur** of these Orders is **Mandatory**, by Law - FRCP 60(b)(4).

## E. The Improper-Legal-Standards-Premised, fraudulent, illegal and Void Order, ECF #163 in the closed *Harry Case*, and its similarly fraudulent, illegal and Void mirror-image Order, ECF #14 of the *Harry-Draper-Judge Tigar Case* were entered in a manner inconsistent with due process, necessitating Rule 60(b)(4) relief

27.  As explicitly described in Paragraphs 1 through 26 above, the Defendants' deployment of the wrong legal standards, Local Civil Rules 3-3 and 3-12 instead of the correct and proper controlling legal standard, FRCP 12(h)(3), pursuant to FRCP 83, to file their Fraudulent, Frivolous and Illegal Motion, ECF #162, in the **closed** *Harry* Case, where the judgment had not been vacated, and the **closed** *Harry* Case not reopened, is inconsistent with due process, warranting Rule 60(b)(4) relief. Similarly, the **closed** *Harry* Court's and Judge Gilliam, Jr.'s deployment of the wrong legal standards, Local Civil Rules 3-3 and 3-12 instead of the correct and proper controlling legal standard, FRCP 12(h)(3), pursuant to FRCP 83, to make the Fraudulent, Illegal and **Void** order, ECF #163, in the **closed** *Harry* Case, and the similarly Fraudulent, Illegal and **Void** mirror-image Order, ECF #14, in the *Harry-Draper/Judge Tigar* Case, is inconsistent with due process, warranting Rule 60(b)(4) Relief.

## F. The Improper-Legal-Standards-Premised, fraudulent, illegal and **Void** Order, ECF #163 in the **closed** *Harry* Case, and its similarly fraudulent, illegal and Void mirror-image Order, ECF #14 of the *Harry-Draper-Judge Tigar* Case must be vacated because they caused the creation of the egregious, judicial-power-usurping *Harry-Draper-Judge Gilliam, Jr.* Court that violated Plaintiffs' 1st, 5th and 7th Amendment Constitutional Rights

28. No Judge, not even the Chief Justice of the United States, and no Court, not even the Supreme Court of the United States, has any Statutory Authority to knowingly and willfully deprive any American Citizen of his or her Constitutional 1st, 5th and 7th Amendment Right. That's against the Law, and no one is above the law. That the district court under Judge Gilliam, Jr. would have the judicial impunity to make the fraudulent, illegal and **void** order, ECF #163 in the **closed** *Harry* Case, and the similarly fraudulent, illegal and **void** mirror-image order, ECF #14 in the *Harry-Draper-Judge Tigar* Case, to **illegally** assume, and **illegally** assumed subject matter jurisdiction over the **closed** *Harry* Case, and the **illegitimate** *Harry-Draper-Judge*

*Gilliam, Jr.* Case, to deprive, and deprived, Plaintiffs of their: (a) 1st Amendment Right to petition the Government for a redress of grievances, including their right to access the courts, (b) 5th Amendment Right of Due Process and (c) 7th Amendment right to a jury trial, is pure judicial rascality. As the 9th Circuit Judge, the Hon. Judge Berzon poignantly stated in Ringgold vs. L.A. County; 761 F.3d 1057 (9th cir. 2014):

> Restricting access to the courts is, however, a serious matter. "[T]he right of access to the courts is a fundamental right protected by the Constitution." *Delew v. Wagner,* 143 F.3d 1219, 1222 (9th Cir.1998). The First Amendment "right of the people ... to petition the Government for a redress of grievances," which secures the right to access the courts, has been termed "one of the most precious of the liberties safeguarded by the Bill of Rights." *BE & K Const. Co. v. NLRB,* 536 U.S. 516, 524–25, 122 S.Ct. 2390, 153 L.Ed.2d 499 (2002) (internal quotation marks omitted, alteration in original); *see also Christopher v. Harbury,* 536 U.S. 403, 415 n. 12, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002) (noting that the Supreme Court has located the court access right in the Privileges and Immunities clause, the First Amendment petition clause, the Fifth Amendment due process clause, and ........................".

# VIII. CONCLUSION

Based on all the Foregoing, Plaintiffs demand that the 9th Circuit Court of Appeals promptly **Vacate** the Fraudulent, Illegal and **Void** Orders, ECF #163 and ECF #14. **Vacatur** is not **Discretionary** but **Mandatory** by Law, because the said Orders are totally **VOID**. With the **Vacation** of these two **VOID** Orders, the legal rug under the feet of all the subsequent Fraudulent, Illegal and **Void** Orders and Judgment of the **Illegitimate** *Harry-Draper/Judge Gilliam, Jr.* Case has been pulled, and all that is left are Fraudulent, Illegal and **Void** Orders and Judgment that **MUST** be Vacated, pursuant to FRCP 60(b)(4). The Case should then be remanded and reassigned to another district court judge, preferably in the San Francisco Division, who does not hold bias or prejudice against Plaintiffs.

Respectfully Submitted

Dated: November 9, 2021

|  |  |
|---|---|
| Bright Harry | Ronald S. Draper |
| 37421 Gillett Road | 5678 Hughes Place |
| Fremont, CA 94536 | Fremont, CA 94538 |
| bharry77@hotmail.com | ronsdraper@att.net |
| (510) 396-7128 | (510) 795-7524 |
| *Pro Se* | *Pro Se* |

**/s/- *Bright Harry***     **/s/- Ronald Draper**
Appellant's Signature   Appellant's Signature

## CERTIFICATE OF SERVICE

I certify that the foregoing Plaintiffs'/Appellants' Motion and attached

Exhibits, were served on the following Parties via the Court's CM/ECF System:

| KCG Americas LLC, | Andrea Pignataro, |
|---|---|
| Daniel B. Coleman, | Robert Sylverne, |
| Carl Gilmore, | Computer Voice Systems, Inc., |
| Greg Hostetler, | Paul Sturm, |
| Main Street Trading, Inc., | Scott William Benz, |
| Patrick J. Flynn, | Howard Holderness, III, Appellees' Attorney |
| Wedbush Securities Inc., | Danielle Kono Lewis, Appellees' Attorney |
| Edward W. Wedbush, | Jeffry Henderson, Appellees' Attorney |
| ION Trading, Inc., | Todd Edward Pentecost, Appellees' Attorney |

11/09/2021       **/s/- *Bright Harry***

# EXHIBIT 2

## (DktEntry #59)

## (9th Circuit Case No. 21-16258 )

### 9th Circuit July 21, 2022 Order Denying Plaintiffs'/Appellants' Motion to Stay Mandate

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUL 21 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

BRIGHT HARRY; RONALD STEPHEN
DRAPER,

               Plaintiffs-Appellants,

  v.

KCG AMERICAS LLC; et al.,

               Defendants-Appellees.

---

No. 21-16258

D.C. No. 4:20-cv-07352-HSG
Northern District of California,
Oakland

ORDER

Before:     SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Appellants' motion to stay the mandate in order to file a petition for a writ of

certiorari (Docket Entry No. 58) is denied.

No further filings will be entertained in this closed case.

# EXHIBIT 3

## (DktEntry #57)

### (9th Circuit Case No. 21-16258 )

**9th Circuit July 7, 2022 Order Denying Plaintiffs'/Appellants' Petition for Rehearing en banc**

45

UNITED STATES COURT OF APPEALS

# FILED

FOR THE NINTH CIRCUIT

JUL 7 2022



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRIGHT HARRY; RONALD STEPHEN
DRAPER,

                Plaintiffs-Appellants,

  v.

KCG AMERICAS LLC; et al.,

                Defendants-Appellees.

No.   21-16258

D.C. No. 4:20-cv-07352-HSG
Northern District of California,
Oakland

ORDER

Before:    SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

The full court has been advised of the petition for rehearing en banc and no

judge has requested a vote on whether to rehear the matter en banc. *See* Fed. R.

App. P. 35.

Appellants' petition for rehearing en banc (Docket Entry No. 55) is denied.

Harry and Draper's pending motions (Docket Entry Nos. 49, 50, 51, 53, 56)

are denied.

No further filings will be entertained in this closed case.

# EXHIBIT 4

## (DktEntry #48-1)

### (9th Circuit Case No. 21-16258 )

**9th Circuit March 24, 2022 Memorandum**

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRIGHT HARRY; RONALD STEPHEN DRAPER, | No. 21-16258 |
| Plaintiffs-Appellants, | D.C. No. 4:20-cv-07352-HSG |
| v. | MEMORANDUM[*] |
| KCG AMERICAS LLC; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted March 16, 2022[**]

Before:    SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Bright Harry and Ronald Stephen Draper appeal pro se from the district

court's judgment dismissing their action, declaring them vexatious litigants, and

entering a pre-filing review order against them.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo a dismissal under Federal Rule of Civil

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Procedure 12(b)(6).  *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010).  We affirm.

The district court properly dismissed Harry's claims as barred by issue preclusion and Draper's claims as barred by claim preclusion because the issues raised by Harry and Draper were adjudicated in a previous litigation against the same parties (or those in privity to the parties).  *See Janjua v. Neufeld*, 933 F.3d 1061, 1065 (9th Cir. 2019) (setting forth the elements of issue preclusion; holding that issue preclusion bars the relitigation of issues actually adjudicated in previous litigation); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (setting forth elements of claim preclusion).

The district court did not abuse its discretion by declaring plaintiffs vexatious litigants and entering a pre-filing review order against them because all of the requirements were met.  *See Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014) (setting forth standard of review and requirements for pre-filing review orders).

The district court did not abuse its discretion by denying plaintiffs' motion to recuse District Judge Gilliam because plaintiffs failed to demonstrate that a reasonable person would believe Judge Gilliam's impartiality could be questioned. *See United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (setting forth standard of review and discussing standard for recusal under 28 U.S.C. §§ 144 and

455).

We reject as without merit plaintiffs' contentions that Judge Gilliam and Judge Tigar behaved improperly.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Plaintiffs' motion to amend their excerpts of record (Docket Entry No. 34) is granted. All other pending requests are denied.

**AFFIRMED.**